JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2440 PA (MANx) | Date | April 8, 2015 |
|---|---|---|---|
| Title | MTI Capital Inc v. Peter Raymond Moreno, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Peter Raymond Moreno ("Defendant") on April 2, 2015. In its Complaint, plaintiff MTI Capital Inc. ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441; diversity jurisdiction, 28 U.S.C. § 1332; and under 28 U.S.C. § 1333.[1]

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**I.     Federal Question Jurisdiction**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

---

[1] The Court notes that Defendant's Notice of Removal alleges, without analysis or elaboration, that removal is appropriate under 28 U.S.C. § 1333. (Notice of Removal at 2, 4.) However, because this is an unlawful detainer action, this statute does not provide a basis for removal. Section 1333 concerns cases in admiralty. See Gross Mortgage Corp. v. Al-Mansur, 2012 WL 5270052, at *3 (N.D. Cal. Oct. 24, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2440 PA (MANx) | Date | April 8, 2015 |
|---|---|---|---|
| Title | MTI Capital Inc v. Peter Raymond Moreno, et al. | | |

      Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

      Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Unlawful detainer proceedings do not purport to adjudicate title to the property at issue – only the right to possession is implicated.  Any defenses that Defendant might raise to this unlawful detainer action, or claims he might assert in a separate claim of unlawful foreclosure, then, are insufficient to confer removal jurisdiction over this action.  See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3-4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction").  Thus, the Court lacks federal question jurisdiction over this action.  Defendant's allegation that "Plaintiff is a collection agency or a 'Debt Collector' as defined under the Fair Debt Collection Act § 1692K" does not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal.  See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).  Therefore, Defendant has failed to show that federal question jurisdiction exists.

      **II.**    **Diversity Jurisdiction**

      Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2440 PA (MANx) | Date | April 8, 2015 |
|---|---|---|---|
| Title | MTI Capital Inc v. Peter Raymond Moreno, et al. | | |

and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      Defendant does not allege that complete diversity exists between the parties, but he contends removal is proper on the basis of diversity jurisdiction because the "legal costs alone that the Plaintiff has expended . . . have met the minimum jurisdictional threshold of \$75,000."  (Notice of Removal at 6.)  Additionally, Defendant claims the "real amount in controversy" based on the real property's value is \$750,000.  (Notice of Removal at 3-4.)  Defendant has not met his burden, however, of demonstrating that the amount in controversy exceeds \$75,000.[2]  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)).

      Although Defendant alleges that the amount in controversy exceeds \$75,000 based on Plaintiff's legal costs, Defendant does not provide any evidence to support that assertion.  Furthermore, in unlawful detainer actions the title to the property is not involved — only the right to possession.  Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).  Thus, given that the amount of the note is not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

      In light of the foregoing, the Court lacks subject matter jurisdiction over this action.  Accordingly, this action is hereby remanded to the Superior Court of California, County of Santa Barbara, Case No. 15CV00168.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[2] Even if the amount in controversy exceeded \$75,000, Defendant is a citizen of California and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b) (stating that any action removed on a basis other than federal question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").